SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
CHRISTIAN R. RUIZ
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Christian.Ruiz@usdoj.gov

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Alberto Mpiana Da Mesquita E Melo,<br><br>         Plaintiff,<br><br>    v.<br><br>U.S. Citizenship and Immigration Services (USCIS), et al.,<br><br>         Defendant. | Case No. 2:24-cv-01030-JAD-EJY<br><br>**Status Report and Joint Stipulation to Stay the Proceedings (Ninth Request)** |

Plaintiff Alberto Mpiana Da Mesquita E Melo ("Plaintiff" or "Melo") and Defendants, through their undersigned counsel, hereby stipulate and jointly request that the Court stay all deadlines in this matter and hold this case in abeyance for an additional period of 90 days, or until **December 16, 2025**. This is the parties' ninth stipulation to stay the proceedings. The parties submit this request in good faith and not for purposes of delay or any other improper purpose.

Since the Court granted Defendants' last request for an extension of time, the Defendants issued a Notice of Intent to Deny ("NOID") and subsequently issued a decision denying Plaintiff's administrative applications, thus concluding the administrative process. However, the parties agreed to reopen Plaintiff's administrative proceedings for the reasons stated in the following memorandum, and thus the parties request a 90-day stay to allow the administrative process to conclude once more.

## Memorandum of Points and Authorities

### I. Procedural Background

On or about June 2, 2024, Plaintiff filed a Complaint requesting that the Court compel USCIS to adjudicate and grant Plaintiff's Form I-485, Application to Adjust Status, and Form I-601, Application for Waiver of Grounds of Inadmissibility. ECF No. 1, at 2, 26. In the interest of judicial economy, the parties later entered into a series of stipulations to stay the Court proceedings from September 9, 2024, through June 19, 2025. ECF Nos. 16–32.

On June 25, 2025, Defendants filed a motion requesting that the due date for Defendants' response be extended from June 19, 2025, up to and including September 17, 2025, to allow USCIS to complete the administrative process that forms the basis for the case at bar. ECF No. 33. The Court granted the motion. ECF No. 34.

### II. Case Status and Discussion

Courts have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Good cause exists for granting the requested stay in this case. As the parties jointly reported, Defendants previously granted Plaintiff's I-601 application. ECF No. 25. Thus, as of the date of Defendants' last motion to extend the due date for a response (ECF No. 33), Plaintiff's I-485 application constituted the final remaining milestone in the administrative process. *Id.*

Since the Court granted Defendants' motion, USCIS issued and mailed a Notice of Intent to Deny ("NOID") and subsequently issued and mailed a decision denying Plaintiff's administrative application, thus concluding the administrative process. In addition, undersigned counsel issued timely notices, via email, to counsel for Plaintiff regarding the issuance of the NOID and denial.

After Defendants issued the denial, however, counsel for Plaintiff asserted that he was not properly served with the NOID and denial because he had moved to a new

1  address. In response, Defendants conducted a diligent review regarding the notice issue
2  raised by counsel for Plaintiff. They determined that the NOID and denial were properly
3  mailed to the last address that USCIS had on file for counsel for Plaintiff, as reflected in
4  USCIS's records. Defendants maintain that Plaintiff's counsel bears the responsibility for
5  ensuring their address with USCIS is current
6       Even so, the parties conferred regarding the notice issue and agreed to reopen the
7  administrative process to allow Plaintiff to respond to any issues the Defendants identified
8  with his I-485 application. After USCIS reopens the administrative proceedings, USCIS
9  intends to provide Plaintiff with about 30 days to submit legal arguments and/or evidence
10 necessary to address issues identified in a newly issued NOID. The parties submit that a 90-
11 day stay would allow the parties to reopen Plaintiff's I-485 application, submit any
12 supplemental arguments and evidence for the administrative proceedings, and adjudicate
13 Plaintiff's I-485 application.
14 / /
15 / /
16 / /
17 / /
18 / /
19 / /
20 / /
21 / /
22 / /
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

### III. Conclusion

Having shown that good cause exists, the parties respectfully requests that the Court hold this case in abeyance for an additional period of 90 days, or until **December 16, 2025**.

Respectfully submitted this 18th day of September 2025.

SULL & ASSOCIATES, PLLC.

*/s/ Hardeep Sull*
HARDEEP SULL
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
(702) 953-9500
dee@sullglobal.com

THE BROOKS LAW FIRM, APC

*/s/ Carlo Brooks*
CARLO BROOKS
*Pro hac vice*
3826 Grand View Blvd., Suite 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

*Attorneys for Plaintiff*

SIGAL CHATTAH
United States Attorney

*/s/ Christian R. Ruiz*
CHRISTIAN R. RUIZ
Assistant United States Attorney
*Attorneys for the Federal Defendants*

IT IS SO ORDERED:

_____
United States District Judge

DATED: 9/22/2025

4